Kenton J. Klassen  #124118
**DOWLING AARON INCORPORATED**
8080 North Palm Avenue, Third Floor
P.O. Box 28902
Fresno, California 93729-8902
Tel: (559) 432-4500 / Fax: (559) 432-4590
E-mail:  kklassen@dowlingaaron.com

Attorneys for Plaintiff HOBBS CONTAINER COMPANY, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| HOBBS CONTAINER COMPANY, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SORMA, USA, INC., a California Corporation; ANDREA MERCADINI, an individual; DIEGO TAPPARELLI, an individual,<br><br>Defendants. | Case No. 1:15-CV-00643-GSA<br><br>**TOLLING AGREEMENT BETWEEN THE PARTIES; AND ORDER THEREON**<br><br>DATE:  June 17, 2015<br>TIME:    9:30 a.m.<br>COURTROOM:  6<br>TRIAL:  None |

   This Tolling Agreement is made and entered into by and between Hobbs Container Company, Inc. (HCC) on the one hand and Diego Tapparelli and Andrea Mercadini (Sorma Individual Defendants), on the other hand.  HCC and Sorma Individual Defendants are collectively referred to as the "Parties" or individually as a "Party" or by their names identified herein.

   WHEREAS, HCC contends it has claims ("potential claims") against Sorma Individual Defendants relating to, among other things, certain agreements allegedly made between HCC and Sorma Individual Defendants.  Sorma Individual Defendants deny these contentions and potential claims.

   WHEREAS, HCC filed *(i)* a complaint against Sorma Individual Defendants

1 styled as Case No. 14-CV-01783-JAM-BAM *("First Action"), where Sorma Individual*
2 *Defendants and Sorma USA, Inc. were dismissed by HCC pursuant to a pending Motion to*
3 *Dismiss*; and *(ii)* a second complaint styled as Case No. 15-CV-00643-GSA, both in the Federal
4 District Court for the Eastern District of California, *again naming Sorma Individual Defendants*
5 *and Sorma USA, Inc. as defendants (the "Second Action"), and*

6 WHEREAS, the parties wish to delay the prosecution of any of the potential
7 claims related to these actions to give them sufficient time to investigate and potentially settle
8 such claims, and specifically to mediate these claims;

9 NOW THEREFORE, IN CONSIDERATION OF THE MUTUAL PROMISES
10 CONTAINED HEREIN, THE PARTIES AGREE AS FOLLOWS:

11 1. Any and all statutes of limitation, as well as any statute which otherwise
12 might affect the ability of the Parties to maintain their potential claims against each other, as
13 well as any other doctrine or defense related to the passage of time, whether legal or equitable,
14 including without limitation laches, estoppel and waiver that may otherwise be applicable with
15 respect to any potential claims against each other, shall be and hereby are tolled now and
16 retroactively from April 26, 2015 – the day before Case No. 15-CV-00643-GSA, was filed,
17 until the Termination Date defined below.  The purpose of this Tolling Agreement is to protect
18 the right of the Parties to bring their claims against each other in the future in the event that
19 events and evidence discovered or information received between now and the Termination Date
20 support such claims.

21 2. For purposes of this Tolling Agreement, "Termination Date" shall mean
22 October 1, 2015; or 30 days after the completion of a mediation held for the specific purpose of
23 resolving the potential claims between the Parties, which potential claims are made by either of
24 the Parties in either of the actions identified above.  It is anticipated and intended by the Parties
25 that if the mediation is successful, the Tolling Agreement and its deadlines will simply expire,
26 and the potential claims will be resolved, and that as a consequence of a successful mediation,
27 all parties to this tolling agreement, including their owners, management, employees,
28 independent contractors/agents successors in interest, parent or affiliate companies will forever

be barred from pursuing any claims against each other arising out of the acts described in the First Action and the Second Action.

3. The Parties understand that the anticipated mediation may not resolve the potential claims. Because of this possibility, the Parties agree and create this Tolling Agreement for the express purpose of taking into account the possibility of an unsuccessful mediation. In the event the disputes between the parties are not fully resolved through mediation, the parties agree that HCC shall be permitted to refile its action against the Sorma Individual Defendants, but not as against Sorma USA Inc., which shall be dismissed with prejudice from the First Action and the Second Action, and that such filing by HCC shall be conclusively deemed by the court to be timely filed so long as it is filed on or before the date thirty days after an unsuccessful mediation or October 1, 2015, which ever date first occurs. It is the Parties' intent to complete mediation in the next 60-90 days.

4. The Parties agree that any dismissal at this time of Case No. 15-CV-00643-GSA, including the Sorma Individual Defendants persons Diego Tapparelli and Andrea Mercadini, shall not operate as a dismissal with prejudice of either defendant and that nothing resulting from dismissing this action, by operation of this Tolling Agreement, shall in any way preclude the refiling of the same claims against those defendants as provided hereinabove. The Parties are aware that without this agreement, a second voluntary dismissal without prejudice would otherwise operate as a dismissal with prejudice as to the party dismissed voluntarily for a second time. The Parties expressly agree that such second dismissal shall not operate as a dismissal with prejudice as to any dismissed party.

5. The Parties agree that Sorma USA, Inc. shall be dismissed with prejudice from the First Action and the Second Action, in consideration of this Tolling Agreement.

6. The Parties agree that no Party shall commence formal (statutory) discovery during the tolling period (depositions, written discovery). The intent of the Parties by this Tolling Agreement is to avoid expense to the Parties and to see if their disputes can be resolved without further litigation. The Parties are not prevented from engaging in voluntary discovery among themselves, or discovery directed at non-parties, if necessary.

7. The Parties have agreed to continue, with Court permission, those hearings now pending in Case No. 14-CV-017823-JAM-BAM in the Federal Court for the Eastern District of California before the Honorable John A. Mendez to a date which is beyond the Termination Date as defined hereinabove.

8. The Parties agree that throughout the tolling period, all Parties shall continue to preserve and maintain all documents or other tangible evidence in their possession, custody, or control related to the potential claims.

9. This Tolling Agreement shall not be construed or interpreted to constitute an admission of liability by any party for any purpose and shall not operate in any way is evidence or an admission of fact, liability or responsibility by any party regarding the subject matter of the potential claims.

10. This Tolling Agreement shall not be construed or interpreted to constitute a general or special appearance on the part of Sorma USA Inc. or the Sorma Individual Defendants, within the First Action or the Second Action.  Specifically, the Parties recognize that Sorma USA Inc. and Sorma Individual Defendants have not been served with any summons or complaint or otherwise in the First Action and/or the Second Action.  Nor is counsel's execution of this Tolling Agreement to be construed or interpreted to constitute such appearance or submission to California Courts' jurisdiction on the part of Sorma USA Inc. and/or Sorma Individual Defendants.

11. Each person executing this agreement represents that he or she is authorized to execute this Tolling Agreement.  If this Tolling Agreement is executed by counsel, counsel represents and promises that counsel is authorized to execute this Tolling Agreement on behalf of the Party or Parties counsel represents.  The Parties represent that there has been no actual assignment or purported assignment or other transfer of any claim or potential claim or other matter or any interest which is addressed by any provision of this agreement.

12. Any notice permitted or required to be given under this Tolling Agreement shall be given in writing to the applicable party or its legal counsel by two of the

following methods: personal delivery, confirmed facsimile, or email with received confirmation. Notice shall be deemed effective as of the date of delivery if delivery occurred during business hours, or the next business day of delivery occurs outside business hours (i.e., before 9:00 a.m. or after 5:30 p.m.).

13. This Tolling Agreement may be modified only in writing.

14. This Tolling Agreement shall be governed by the laws of the state of California with venue in the Eastern District of the State of California.

15. This Tolling Agreement may be executed in counterparts. Photocopies, facsimile copies and electronic copies of this agreement may be used as originals.

THE PARTIES STIPULATE AND AGREE TO ALL OF THE ABOVE.

Respectfully submitted,

Dated: June 9, 2015            DOWLING AARON INCORPORATED


By: _____
    KENTON J. KLASSEN

Attorneys for Plaintiff HOBBS
CONTAINER COMPANY, INC.


Dated: June 9, 2015            MASSERAT LAW GROUP


By: _____
    SASSAN MASSERAT

Attorneys for Defendants SORMA USA,
INC., DIEGO TAPPARELLI, ANDREA
MERCADINI

## Order

The Court has reviewed the above stipulation and, good cause appearing, adopts it. The parties are advised that the case is currently set for a Status Conference re: Consent/Initial Scheduling on August 4, 2015 at 9:30 a.m. in Courtroom 10. If the case has not resolved by then, the parties should notify the Court of the need for a continuance no later than **July 28, 2015**

IT IS SO ORDERED.

    Dated:   **June 24, 2015**                    **/s/ Gary S. Austin**
                                                                                  UNITED STATES MAGISTRATE JUDGE

.